```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
                     CLARKSBURG
```

**L&D INVESTMENTS, INC.,**

        **Plaintiff,**

**v.**                                    **CIVIL ACTION NO. 1:25-CV-18**
                                                           **(KLEEH)**

**ANTERO RESOURCES CORPORATION,**

        **Defendant.**

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND [ECF NO. 11]

### I. INTRODUCTION

Pending before the Court is *Plaintiff's Motion to Remand This Case to the State Court* [ECF No. 11]. For the reasons discussed herein, the Motion is **DENIED**.

### II. PROCEDURAL BACKGROUND

Plaintiff filed its first Complaint in the Circuit Court of Harrison County, West Virginia, on February 7, 2025. ECF No. 1-1. In its first Complaint ("Original Complaint"), L&D Investments, Inc. ("Plaintiff" or "L&D"), alleges several causes of action including failure to properly account for royalties and interest (Count I); breach of implied duty of good faith and fair dealing (Count II); a statutory violation under West Virginia Code § 37C-1-1 (Count III); conversion (Count IV); and punitive damages (Count V). Id. Plaintiff then filed an Amended Complaint on March 21, 2025. ECF No. 7. In the Amended Complaint, Plaintiff alleges

failure to properly account for royalties and interest (Count I), breach of implied duty of good faith and fair dealing (Count II), and a statutory violation under West Virginia Code § 37C-1-1 (Count III). Id.

On March 7, 2025, Antero Resources Corporation ("Defendant" or "Antero") removed the matter to this Court claiming jurisdiction under 28 U.S.C. § 1332 and 1441, et seq. ECF No. 1. On April 7, 2025, Plaintiff filed the subject Motion to Remand. ECF No. 11. Defendant responded in opposition to remand on April 21, 2025 [ECF No. 14], and Plaintiff replied in support of its motion on April 28, 2025 [ECF No. 18]. The Motion is thus fully briefed and ripe for review.

### III. FACTUAL BACKGROUND

L&D Investments, Inc. claims that Antero Resources Corporation refused to pay interest that Plaintiff lost due to Defendant's holding of its funds. ECF No. 1-1. Plaintiff is a West Virginia Corporation with a principal place of business in Harrison County, West Virginia; Defendant is a Delaware Corporation with a principal place of business in Denver, Colorado. Id. Plaintiff owns mineral properties, producing oil and gas, that Antero has drilled. Id.

According to the Original Complaint, on or about March 2023, Plaintiff received a check from Defendant for mineral production from 2012 to 2023, purportedly for the mineral sales Plaintiff was

2

entitled to receive. Id. at p. 2. The Original Complaint alleges that Defendant failed to pay over any interest in more than 12 years for holding Plaintiff's funds. Id. Plaintiff allegedly contacted Defendant numerous times requesting that it pay interest that Plaintiff lost due to the Defendant's withholding of its funds. Id. Defendant allegedly refused to pay any interest to Plaintiff despite Plaintiff's offers to mediate or otherwise resolve the matter, leading to this civil action. Id.

### IV.   LEGAL STANDARD

An action must be fit for federal adjudication at the time the removal petition is filed. See 28 U.S.C. § 1441(a); Moffitt v. Residential Funding Co., LLC, 604 F.3d 156, 159 (4th Cir. 2010). If the complaint does not contain a specific amount of damages or amount in controversy, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." Francis v. Allstate Ins. Co., 709 F.3d 362, 367 (4th Cir. 2013) (quotation omitted); see also Zink v. Doe, 2014 WL 1725812, at *2 (N.D.W. Va. May 1, 2014) ("In order to meet the preponderance of the evidence standard and establish that removal is proper, a defendant must show that it is more likely than not that the amount in controversy exceeds the jurisdictional amount.").

"Evidence establishing the amount is required . . . only when the plaintiff contests, or the court questions, the defendant's

allegation." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014). "To resolve doubts regarding a defendant's asserted amount in controversy, 'both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.'" Scott v. Cricket Commc'ns, LLC, 865 F.3d 189, 194 (4th Cir. 2017) (quoting Dart, 574 U.S. at 88). The determination of whether the amount in controversy is satisfied is left to the Court's "common sense." Mullins v. Harry's Mobile Homes, Inc., 861 F. Supp. 22, 24 (S.D.W. Va. 1994).

"The question is not what damages the plaintiff will recover, but what amount is in controversy between the parties." Lanier v. Norfolk S. Corp., 256 F. App'x 629, 631–32 (4th Cir. 2007). "When a plaintiff's complaint leaves the amount of damages unspecified, the defendant must provide evidence to show what the stakes of litigation are given the plaintiff's actual demands." Scott, 865 F.3d at 194. A plaintiff's claims can be aggregated when calculating the amount in controversy, regardless of whether the claims are related to each other. See Synder v. Harris, 394 U.S. 332, 335 (1969).

> Federal courts "'are obliged to construe removal jurisdiction strictly because of the significant federalism concerns implicated' and that 'if federal jurisdiction is doubtful, a remand to state court is necessary.'"

4

Md. Stadium Auth. v. Ellerbe Becket Inc., 407 F.3d 255, 260 (4th Cir. 2005) (internal quotation marks, citations, and alterations omitted).

## V.    DISCUSSION

Here, Plaintiff asserts claims in its Original Complaint of (1) failure to properly account for royalties and interest; (2) breach of implied duty good faith and fair dealing; (3) a statutory violation of W. Va. Code 37C-1-1; (4) conversion; and (5) punitive damages. ECF No. 1-1. In the Original Complaint, Plaintiff sought compensatory damages, punitive damages, cancellation or forfeiture of the oil and gas leases, "100% of the minerals sold regarding [Plaintiff's] mineral interest for each of the mineral properties which were not paid for more than 10 years," equitable relief, pre- and post-judgment interest, and legal fees and costs. Id.

In its Motion to Remand, Plaintiff contends that Defendant cannot demonstrate that the Court has diversity jurisdiction. ECF No. 11 at p. 1. Specifically, Plaintiff asserts that Defendant cannot show by a preponderance of the evidence that the amount in controversy exceeds $75,000. Id. Plaintiff argues that the interest owed by the Defendant is likely to be much less than $75,000, thus not meeting the amount in controversy requirement. Id. at p. 2. Plaintiff further relies on what is stated in its First Amended Complaint [ECF No. 7] to support that the amount in controversy is less than $75,000. Id. at p. 3.

5

In its Response in Opposition, Defendant argues that the amount in controversy has been satisfied. ECF No. 14 at p. 6. Defendant contends that the initial pleadings both control and establish that the jurisdictional threshold has been exceeded. Id. Defendant relies on 28 U.S.C. § 1446(c)(2) in its assertion that the initial pleadings, rather than Plaintiff's Amended Complaint, control in determining the amount in controversy. Id. at p. 7. Defendant further provides a calculation of the royalty payment given Plaintiff's demand for 100 percent of its share of production to support that the amount in controversy from the Original Complaint exceeds $75,000. Id. at p. 11. Defendant estimates that the amount in controversy for the royalty payment alone would total $397,798.40, not including the other damages sought. Id. Defendant also argues the $49,724.80 check along with the statutory calculations for interest owed would exceed the amount in controversy threshold. Id. at p. 14.

In its Reply, Plaintiff asserts that the Amended Complaint is the controlling pleading for determining jurisdiction. ECF No. 18 at p. 3. Plaintiff again argues that Defendant has not proven by a preponderance of the evidence that the amount in controversy exceeds $75,000. Id. at p. 4. Plaintiff contends that the calculation amounting to $397,798.40 provided in Defendant's response is "absurd and is close to being knowingly false." Id. at p. 5.

Here, at the time of removal, Plaintiff's Original Complaint did not state a specific number for the amount in controversy. Accordingly, Defendant bears the burden of demonstrating, by a preponderance of the evidence, that the amount in controversy requirement is met. The initial pleadings control the amount in controversy under 28 U.S.C. § 1446(c)(2). In Defendant's Notice of Removal [ECF No. 1], it asserts that the Original Complaint demonstrates that the amount in controversy is more likely than not more than $75,000.

Despite Plaintiff's argument to the contrary, the amount in controversy is determined at the time of removal. The Supreme Court has articulated this, "[a]nd though, as here, the plaintiff after removal by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 292 (1938). This Court has previously applied this standard in refusing to consider an affidavit submitted post-removal in a dispute over the amount in controversy. Oxier v. Roberson, 2000 WL 34449334 (N.D. W. Va. Mar. 2, 2000) (refusing to allow an exception to the rule from St. Paul Mercury where the plaintiffs filed a post-removal affidavit stating that they would not request or collect more than $75,000). Thus, the Court relies upon the initial pleadings to determine if it has jurisdiction over this matter.

Here, Defendant has shown by a preponderance of the evidence that the damages sought, at the time of removal, exceeded $75,000. In the Original Complaint, Plaintiff sought compensatory damages, punitive damages, cancellation or forfeiture of the oil and gas leases, "100% of the minerals sold regarding [Plaintiff's] mineral interest for each of the mineral properties which were not paid for more than 10 years," equitable relief, pre- and post-judgment interest, and legal fees and costs. ECF No. 1-1. Given the various damages sought by Plaintiff, Defendant persuasively evidences that the aggregate amount exceeds $75,000.

While Plaintiff continues to assert that the amount in controversy does not exceed $75,000, the information in the Original Complaint and the calculation provided in Defendant's Response [ECF No. 14] support that the amount in controversy exceeds the threshold. The Court further notes the potentially significant amount of punitive damages and interest payments demanded by Plaintiff in the Original Complaint.

Thus, because the amount in controversy exceeded the jurisdictional threshold at the time of removal, the Court finds the exercise of removal jurisdiction to be appropriate and **DENIES** Plaintiff's Motion to Remand [ECF No. 11].

## VI. CONCLUSION

For the reasons discussed above, the Motion to Remand [ECF No. 11] is **DENIED**. Given the Court's ruling on the subject Motion

[ECF No. 11], *Plaintiff's Motion to Hold in Abeyance All Matters Until This Court Determines if It Has Jurisdiction* is **DENIED AS MOOT** [ECF No. 12].

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record.

**DATED:** August 4, 2025

*Tom S Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA